**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

     Plaintiff

        v.

CARMEN M. FLORES-RIVERA [10],

     Defendant.

CR. NO. 07-318 (PG)

## OPINION AND ORDER

Pending before the Court are defendant Carmen M. Flores-Rivera ("Defendant" or "Flores") motions to withdraw her plea of guilty (Docket Nos. 2274, 2306, and 2442) and the government's opposition thereto (Docket No. 2429). For the reasons that follow, the Court **DENIES** Defendant's request to withdraw her guilty plea.

## I. BACKGROUND

In the case at bar, the parties reached a plea agreement. As a result, on December 23, 2009, Defendant pled guilty to Count One of the Indictment, which charged her with violating 21 U.S.C. §§ 846, 860, namely, conspiracy to distribute narcotic controlled substances. See *Superseding Indictment*, Docket No. 478; Docket No. 1811. In the change of plea hearing, Flores pled guilty to acting as "runner" for the conspiracy. See Docket No. 2385 at pages 18-19. However, on May 13th, June 1st, and August 18th, 2010, the Defendant filed motions to withdraw her plea of guilty. See Docket Nos. 2274, 2306, and 2442. And although a sentencing hearing was scheduled for June of 2010, the same was continued *sine die* in light of Defendant's requests.

In her motions, Flores claims to have changed her opinion regarding her acceptance of culpability and wishes to exercise her right to a jury trial. In support of her request, the Defendant emphasizes the fact that she has suffered psychiatric health issues for some time that have required medical intervention and have prevented her from filing this request earlier. Additionally, Flores claims that the stress of having her daughter and a vast number of her family members convicted moved her to accept a plea that she now believes was made under situational pressure. See Docket No. 2306. Furthermore, Flores asserts her claim of innocence in her request. See id.

On August 2, 2010, the Government responded to Defendant's motions opposing her request to withdraw her guilty plea. The Government argues that Flores' plea was voluntary, intelligent and knowing, and that Flores has failed to set forth a serious claim of actual innocence. Finally, it opposed Flores' request on the grounds of the prejudice it will cause to the Government if the Defendant is allowed to withdraw her plea after the time and work that went into entering into such an agreement. <u>See</u> Docket No. 2429.

## II. DISCUSSION

Rule 11(d) of the Federal Rules of Criminal Procedure states as follows:

> A defendant may withdraw a plea of guilty or nolo contendere:
> …
> (2) after the court accepts the plea, but before it imposes sentence if:
> > (A) …
> > (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed.R.Crim.P. 11(d). Pursuant to the directives of the First Circuit Court of Appeals, "[d]uring the interval between the acceptance of a guilty plea and sentencing, the district court should liberally allow withdrawal of guilty pleas for any fair and just reason." <u>U.S. v. Gurka</u>, 605 F.3d 40, 42-43 (1st Cir.2010) (<u>citing</u> <u>United States v. Mescual-Cruz</u>, 387 F.3d 1, 6 (1st Cir.2004)) (internal quotation marks omitted). However, "[i]t is well established that a defendant does not have an absolute right to withdraw a guilty plea." <u>U.S. v. McMullin</u>, 568 F.3d 1, 8-9 (1st Cir.2009) (<u>citing</u> <u>United States v. Negron-Narvaez</u>, 403 F.3d 33, 36 (1st Cir.2005)).

The factors a court should consider are: "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." <u>U.S. v. Isom</u>, 580 F.3d 43, 52 (1st Cir.2009) (<u>citing</u> <u>United States v. Padilla-Galarza</u>, 351 F.3d 594, 597 (1st Cir.2003)). Nevertheless, the most important factor to consider of Rule 11's "core concerns" is whether the plea was voluntary, intelligent, and knowing. <u>See</u> <u>Isom</u>, 580 F.3d at 52.

In her motion to withdraw her plea of guilty, the Defendant points to the ongoing medical treatment she has been receiving in support of her claim that her plea should be withdrawn. On the other hand, the Government argues that Flores was admittedly "calm" during the proceeding and was duly advised during

the change of plea hearing and in writing in the plea agreement she signed. <u>See</u> Docket No. 2429. The Court agrees with the latter.

In the hearing, Flores admitted to understanding the charges contained in the indictment against her and the count to which she was pleading guilty, as well as to being satisfied with her attorney's services. The Court also encouraged the Defendant to consult with her attorney in case she had any questions. It is also important to note that at the very beginning of the hearing the Court asked Flores how she was feeling and she responded "I am calm." <u>See</u> Docket No. 2385 at pages 2-3. Pursuant to the foregoing, the Court found her competent to plea.

During the course of the proceedings, the Court asked the Defendant if she was being forced, threatened or offered a reward to plead guilty, which she denied.

> THE COURT: Now, Ms. Flores, has anybody threatened you in any way to induce you to plead guilty?
>
> DEFENDANT CARMEN FLORES-RIVERA: No.
>
> …
>
> THE COURT: Is anybody forcing you in any way to plead guilty?
>
> DEFENDANT CARMEN FLORES-RIVERA: No.
>
> THE COURT: Has anybody offered you any rewards or other things of value to get you to plead guilty?
>
> DEFENDANT CARMEN FLORES-RIVERA: No.

<u>See</u> Docket No. 2385 at pages 8-9. The Court also made sure that the plea was being entered voluntarily:

> THE COURT: At paragraph 17 each one of you is acknowledging to the Court that no threats have been made to induce you to plead guilty and that you are pleading guilty freely and voluntarily because, in fact, you are guilty. Is that correct?
>
> DEFENDANT CARMEN FLORES-RIVERA: Yes.

<u>See</u> Docket No. 2385 at page 15.

Moreover, as recounted by the government in its opposition, the Court engaged in a lengthy discussion with the Defendant during the change of plea hearing wherein she was advised, among other things, of her right to a jury trial, to a presumption of innocence, to be represented by counsel, to confront and cross-examine witnesses, to testify and present evidence, and to be

protected from self-incrimination if she had decided to proceed to trial in accordance with Rule 11(b). The Defendant was also advised that she was waiving these rights by entering a plea of guilty. Additionally, the Court explained all issues related to the calculation of the penalty to be imposed, including the fact that the Court was not bound by the plea agreement or any sentencing stipulations or recommendations. The Court went also into detail as to the nature of the charge to which Flores was pleading guilty:

> Now, each one of you is charged in Count One that from in or about the year 2004 to February of the year 2008, you together with at least 44, 45 other persons did knowingly and intentionally conspired and agreed with each other or with 7 others to knowingly and intentionally possess with intent to distribute narcotics, and that is an offense against the United States.
>
> This conspiracy involved the purchase of narcotics to be distributed by you or other co-conspirators at drug points located within the Victor Berrios public housing project in Yabucoa.
>
> That the monies made from these sales of narcotics would be distributed among the co-conspirators.
>
> That the distribution would take place within the public housing project between Building 6 and 7 and in an area known as "hospitalillo."
>
> The manner and means of this conspiracy would be that purchases would be made of narcotics, then these narcotics would be cut divided and packaged for subsequent sale in small packages within the housing project.
>
> Some of the members of the conspiracy would take the cocaine purchased and cook it to make "crack," or cocaine base, which was also packaged in small packages for sale.
>
> That the two drug points would be operated seven days a week. That as part of the conspiracy, members of that organization would store weapons and drug trafficking proceeds in different locations within the housing project and other places. Some of them would carry, possess, brandish and use firearms to protect themselves, the drug proceeds and the operations of the drug points from other individuals.
>
> And that as part of that conspiracy, the various members would have different roles and perform different tasks in furtherance of that conspiracy.

And the indictment does enumerate the various roles as, for example, the leader, which is charged as Robert Belleza, who was found guilty in this court after a trial.

You have the supervisors, who have also been found guilty or pled guilty; administrators; runners.

In the case of Ms. Flores, you are included under the heading of "runner."

The runners basically worked under the direct supervision of the administrator of this organization. They were responsible for providing sufficient narcotics to the sellers for distribution; to supervise and make sure that there were street sellers for every shift of the drug points and also paying the sellers. And that runners would supervise the daily activities at the drug points, including the sellers and the lookouts.

You, Ms. Flores, would store drugs at your Apartment 45, Building 6; and you acted also as a seller sometimes and assisted Sandra Fernandez in accounting affairs at the drug points.

There were the enforcers and there were sellers. These would be the individuals who would distribute the street quantities of the drugs.

The sellers were accountable to the runners for the drug proceeds of the drug sold. And Mr. Alex Flores-Rivera is included as a seller.

And then there was also a facilitator.

Basically, that is what each one of you is charged in Count One.

I ask you, Ms. Flores, is that what you did? That's what you are pleading guilty to, what I've just read to you, as a runner?

DEFENDANT CARMEN FLORES-RIVERA: Yes.

See Docket No. 2385 at page 17-19. Finally, the Court had the government make a factual representation of what it would had been prepared to prove if the case had proceeded to trial.

"The transcript corroborates that Defendant understood the charges against [her] and the spectrum of possible penalties to which [her] admission of guilt exposed [her]." U.S. v. Cedeno, 559 F.Supp.2d 160, 164 (D.P.R. 2008) (quoting United States v. Jimenez, 512 F.3d 1, 4 (1st Cir.2007) (holding that a defendant's acknowledgment, during a change-of-plea proceeding, that he

understands a lucid explanation of his potential sentencing exposure is powerful evidence of the knowing nature of his guilty plea.). In fact, the transcript demonstrates that Flores entered a voluntary, intelligent and knowing plea of guilty. Accordingly, we reject Flores' argument that her plea was not so.

In her motion to withdraw her guilty plea, the Defendant also asserts a claim of innocence. Flores states, without more, that she "nonetheless asserts her innocence and denies any involvement in the charged conspiracies or substantive offenses." See Docket No. 2306 at page 4. First of all, the Defendant's claim of innocence flies in the face of her admission to the contrary during the plea hearing. See Cedeno, 559 F.Supp.2d at 165 ("[t]he Court will take into consideration that Defendant asserted his innocence, however, said factor will be weighed in light of Defendant's … admissions made during the Rule 11 change of plea colloquy"). Second, Flores presents no evidence in support of this claim. Finally, the Court finds that if Defendant had truly believed she was innocent, she would not have waited until five months after her plea to seek its vacatur. See Isom, 580 F.3d at 50. The factors a court must consider include "whether there is a **serious** claim of actual innocence … ," id. at 52 (emphasis ours), and Defendant's plain and unsupported claim falls short of the mark.

The Court must also consider the timing of the motion. In the case at hand, the Defendant's attempt to vacate her guilty plea five months after the fact and on the eve of the sentencing hearing actually weighs against her.

Finally, because "the combined weight of these factors go against Defendant's request we need not consider whether the Government suffered any prejudice." Cedeno, 559 F.Supp.2d at 165-166.

Pursuant to the foregoing, the Court finds that the Defendant's proffered reasons are not strong or sufficient for this Court to grant her plea withdrawal request.

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's motions to withdraw her plea of guilty (Docket Nos. 2274, 2306, and 2442).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 20, 2010.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE